---

## *In re* BOYLE'S ESTATE.

(*Surrogate's Court, Cattaraugus County.* September 23, 1889.)

ADMINISTRATION—JUDGMENT FOR COSTS—PRIORITY.

> In an action by an administratrix for damages to decedent's estate, judgment for costs was rendered in favor of defendant. *Held* that, as this did not give defendant any priority over decedent's creditors, an order to issue execution thereon would not be granted until an accounting was had and defendant's proportional amount of the assets determined, as provided by Code Civil Proc. N. Y. §§ 1825, 1826, 2723, subd. 1.

On application for leave to issue the execution.

*Sprague, Morey, Sprague & Brownell,* for the motion. *E. D. Northrup,* opposed.

SPRING, S. The administratrix of Peter Boyle, deceased, commenced an action in the supreme court, against the New York, Lake Erie & Western Railroad Company, to recover the value of certain horses belonging to decedent, and which are claimed to have been killed by the negligence of the defendant.[1] Plaintiff failed, ultimately, in the litigation; and a judgment for costs, of over $400, was entered against her as such administratrix. Application is now made on behalf of the railroad company for leave to issue execution on this judgment, to be enforced against the property of decedent. I do not think the motion should be granted at present. The recovery of this judgment did not give defendant any priority over the creditors of the intestate. See *Schmitz* v. *Langhaar*, 88 N. Y. 503. And before an execution issues it should appear that there were assets sufficient to pay all debts of decedent; or, at least, an account should be filed, showing fully the assets, and the debts to be paid therefrom, so that the execution would direct only the application of the judgment debtor's "just proportion of the assets to the payment of this judgment." Sections 1825, 1826, 2723, subd. 1, Code Civil Proc.; *Sippel* v. *Macklin*, 2 Dem. Sur. 219; *Peters* v. *Carr*, Id. 22. In no other way can the scheme for the enforcement of judgments recovered in other courts be made practical when the execution is to be collected out of property left by a decedent. I would require an immediate accounting in this case, but a citation for judicial settlement has already been issued, and is returnable the 17th prox. at Salamanca, N. Y.; and I will, accordingly, postpone this matter to that time and place.

[1] See 21 N. E. Rep. 724; 39 Hun, 171.